IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC., | No. C 07-1525 SBA |
|     Plaintiff, | |
| v. | **ORDER** |
| ATA SALEM, et.al., | |
|     Defendants. | |

Currently before the Court is plaintiff Nike, Inc.'s Motion for Entry of Stipulated Judgment [Docket No. 19]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

## **BACKGROUND**

In a complaint filed on March 16, 2007, Nike alleged that defendant Ata Salem sold counterfeit Nike shoes out of his store, Rubin's Imports. On May 9, 2007, Nike filed a First Amended Complaint adding Muhammad Salem as a defendant. Muhammad Salem is Ata Salem's brother.

On June 19, 2007, the Parties entered into a Release and Settlement Agreement whereby defendants agreed not to infringe Nike's trademarks in the future. To secure performance of the Settlement Agreement, the Parties entered in to a Stipulation for Judgement and Final Judgement in the amount of $100,000 to be filed in the event of a default. On July 25, 2007, the Court entered the Parties' Joint Stipulation re: Entry of Consent Decree; Consent Decree and Permanent Injunction [Docket No.

17] enjoining Defendants from further infringement of Nike's trademarks and retaining jurisdiction "to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction."

On September 13, 2007, private investigators for Nike allegedly discovered that defendants were again selling fake Nike shoes out of the same retail store involved in this case. *See* Fernandez Decl. ¶¶ 6-9; Simpson Decl. ¶ 4. On November 13, 2007, counsel for Nike spoke with Muhammad Salem regarding Nike's intent to file a Motion for Entry of Stipulated Judgment, but did not receive any substantive response despite follow up attempts. On November 30, 2007, counsel for Nike spoke with Ata Salem by phone who allegedly also did not provide a substantive response.

The Court held a hearing on Nike's motion on January 29, 2008. While defendants did not file any opposition to Nike's motion, in light of fact that both defendants had apparently been representing themselves, the Court provided defendants until February 12, 2008 to respond to the motion. The Court also admonished defendants, in no uncertain terms, that if no opposition was filed by the February 12, the Court would enter the stipulated judgment immediately. *See* Docket No. 32.

Defendants failed to file any opposition on February 12. However, on February 13, defendants filed an opposition in which they relate the following statement by Muhammad Salem. On or around September 8, 2007, a person calling himself "Abdul" approached Muhammad and inquired if he was interested in purchasing some Nike shoes. Muhammad states:

> I inquired whether the shoes were authentic Nike products. Abdul told me they were, and took me outside to a white 2004/05 Van. He opened the van and showed me several pair of Nike shoes. I examined the shoes and noted that they had what appeared to me to be original Nike colors, Nike emblems and trademarks. When I inquired about pricing, I was quoted a price which I believed was the wholesale price for authentic Nike shoes. I purchased several dozen pairs of the shoes which I stored in the back of my store. Abdul provided me with a receipt.

Salem Decl. ¶¶ 5-8. Additionally, defendants filed objections to the declarations of Nike's private investigators on the grounds that the conversation between Muhammad and the private investigator during the alleged sale is inadmissible hearsay.[1]

## **ANALYSIS**

---

[1] Additionally, defendants' counsel apparently inadvertently filed two declarations that are totally unrelated to this lawsuit but are instead related to other lawsuits. *See* Docket No. 33.

2

The Stipulated Judgement provides that in the event defendants breach the settlement agreement by further infringing Nike's trademarks, judgement shall be entered against defendants for $100,000, plus interest. Nike has provided sworn declarations from two private investigators indicating that, after executing the settlement agreement, defendants continued to sell counterfeit Nike shoes through a clandestine operation at their storefront. *See* Fernandez Decl. ¶¶ 6-9; Simpson Decl. ¶ 4.

Defendants argue that while they "do not deny that they entered into a settlement agreement and stipulation for entry of judgment, defendant do not [sic] concede that there is competent evidence before this Court for it to make a finding that they have violated their obligations to plaintiff." Opp'n at 1-2. Defendants' argument is premised on the claim that "if the evidence of the alleged sale by defendants of the counterfeit Nikes is not competent, then the instant motion must be denied." *Id.* Defendants argue that "[n]either the settlement agreement nor the Stipulation make the purchase of counterfeit Nike shoes a violation of the respective agreements. It is the sale of the same which would be a violation. This plaintiff has not proven by competent evidence." *Id.*

Defendants' argument fails for a number of reasons. As an initial matter, the Court explicitly warned defendants that if no opposition was filed by the 12th, Nike's motion would be granted. Defendant's opposition, filed on the 13th, is therefore untimely and the motion can be granted on those grounds alone. *See* Docket No. 32. More importantly, however, is the fact that defendants, while objecting to Nike's declarations, do not actually dispute that they sold the counterfeit shoes, let alone offer any evidence to that effect. Moreover, Defendants' objections are irrelevant because one of Nike's declarants, while not privy to the actual conversation within the store, personally witnessed the sale of the counterfeit shoes by defendants. Fernandez Decl. ¶ 6.

Finally, to the extent that defendants are arguing that they should not be held in breach of the Release and Settlement Agreement because they believed they had purchased legitimate Nike goods, this argument is similarly inapposite. As Nike points out, there is no legitimate factual question as to whether defendants actually sold counterfeit shoes and therefore breached the terms of the Release and Settlement Agreement. Secondly, Muhammad's claim that, after being sued by Nike for selling counterfeit shoes and paying Nike $50,000 in settlement of the claim, he purchased shoes from a gentlemen calling himself "Abdul" out of the back of a "white van" that he legitimately believed were

3

non-counterfeit goods, is, to put it mildly, implausible.

## **CONCLUSION**

Nike's Motion for Entry of Stipulated Judgment [Docket No. 19] is GRANTED. Contemporaneously with this order, the Court will issue a signed version of the [Proposed] Stipulated Final Judgment.

IT IS SO ORDERED.

Dated: 3/12/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge